JEFFREY R. BRAGALONE (*pro hac vice*)
T. WILLIAM KENNEDY, JR. (*pro hac vice*)
**BRAGALONE CONROY P.C.**
Chase Tower
2200 Ross Avenue, Suite 4500W
Dallas, Texas 75201
Telephone: (214) 785-6670
Facsimile:  (214) 785-6680
Email: jbragalone@bcpc-law.com
          bkennedy@bcpc-law.com

KEITH A. CALL (6708)
LINDSAY K. NASH (14733)
**SNOW, CHRISTENSEN & MARTINEAU**
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah  84145-5000
Telephone:  (801) 521-9000
Facsimile:   (801) 363-0400
Email: kcall@scmlaw.com
          lkn@scmlaw.com

*Attorneys for Defendant Satellite Tracking of People, L.L.C.*

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SECUREALERT, INC.,<br>SECUREALERT MONITORING, INC.<br><br>          Plaintiffs,<br><br>   vs.<br><br>SATELLITE TRACKING OF PEOPLE,<br>L.L.C. (a.k.a. STOP, LLC)<br><br>       Defendant. | **REDACTED VERSION** OF<br>**DEFENDANT SATELLITE<br>TRACKING OF PEOPLE, LLC'S<br>SEALED ANSWER AND<br>COUNTERCLAIMS (FILED<br>FEBRUARY 7, 2014, DOCKET NO. 19)**<br><br>Case No. 2:13-cv-01107-DB<br><br>Judge Dee Benson<br><br>**REDACTED-NONCONFIDENTIAL** |

Defendant Satellite Tracking of People, LLC, ("Defendant" or "STOP") hereby answers the Complaint ("Complaint") brought by Plaintiffs SecureAlert, Inc., ("SecureAlert") and SecureAlert Monitoring, Inc. ("SecureAlert Monitoring") (collectively, "Plaintiffs"), and asserts its affirmative defenses and counterclaims (the "Answer"). With respect to the allegations made in the Complaint, STOP states as follows:

The heading and introductory paragraph of the Complaint contain no factual allegations and do not require a response.

Defendant denies any allegations contained in the Complaint that are not specifically admitted herein.

## I. NATURE OF THE CASE

1.      STOP admits that SecureAlert and it are parties to a January 29, 2010, Settlement Agreement. STOP admits that the Complaint purports to attach a true and correct copy of the Settlement Agreement as Exhibit 1. STOP states that the Settlement Agreement is a legal instrument whose terms speak for themselves, and denies the allegations of the Complaint to the extent that they seek to re-state or modify those terms.   STOP admits that the Settlement Agreement includes provisions entitling STOP to collect royalties from SecureAlert in consideration for STOP's licensing of the Licensed Stop Patents. STOP admits that SecureAlert's Complaint purports to bring an action for declaratory judgment on certain rights and obligations of SecureAlert and STOP under the Agreement. STOP denies the remaining allegations in paragraph 1.

## II. JURISDICTION AND VENUE

2.      STOP admits that the amount in controversy exceeds $75,000. STOP also admits

that there is diversity of citizenship between itself and Plaintiffs. ███████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████[1] The Court

in *Satellite Tracking of People, LLC, et al. v. Pro Tech Monitoring, Inc., et al.*, Case No. 2:08-

CV-116 (E.D. Tex. filed March 19, 2008) (the "Texas Lawsuit") explicitly retained jurisdiction

over SecureAlert as is necessary to effectuate the terms and conditions of the Settlement

Agreement. The Order Dismissing Claims and Counterclaims with Respect to SecureAlert with

Prejudice in the Texas Lawsuit case is attached hereto as Exhibit A. To the extent that the Court

in the Texas Lawsuit does not exercise its own jurisdiction over this dispute, STOP admits that

this Court has subject matter jurisdiction over this action. STOP lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and therefore

denies the same.

3.      STOP admits that venue is proper in this District but denies that this District is a

convenient forum for STOP.

## III. PARTIES

4.      STOP admits that SecureAlert is a Utah corporation with an address in Salt Lake

City, Utah. STOP admits that SecureAlert was formerly known as RemoteMDx, Inc. STOP lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in paragraph 4 and therefore denies the same.

---

[1] Bracketed phrases indicate confidential material noted pursuant to DUCivR 5-2(e)(1)(A).

5.      STOP admits that SecureAlert, as part of its business, manufactures, provides, leases, sells, and/or offers for sale, in Utah and elsewhere in and outside the United States, tamper-resistant tracking devices and systems that use cellular and GPS technologies to track the location of criminal offenders. STOP admits that SecureAlert was formerly known as RemoteMDx, Inc. STOP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies the same.

6.      STOP admits the allegations of paragraph 6.

7.      STOP admits that SecureAlert Monitoring was formerly known as SecureAlert, Inc. STOP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies the same.

8.      STOP admits that it is a Delaware limited liability company with its headquarters and principal place of business at 1212 North Post Oak Road, Suite 100, Houston, Texas 77055. STOP denies the remaining allegations in paragraph 8.

9.      STOP denies the allegations of paragraph 9.

10.      STOP denies the allegations of paragraph 10.

11.      STOP denies the allegations of paragraph 11.

12.      STOP denies the allegations of paragraph 12.

13.      STOP denies the allegations of paragraph 13.

### IV. FACTUAL ALLEGATIONS

**A.      <u>Prior litigation</u>**

14.      STOP admits that on May 2, 2008, RMDX filed an action against STOP in the United States District Court for the Central District of California, Western Division (the

"California Lawsuit"). STOP admits that, in the California Lawsuit, RMDX alleged that STOP had infringed a patent purported to be assigned to RMDX and purported to be duly and legally issued. STOP denies the remaining allegations in paragraph 14.

15.     STOP admits the allegations of paragraph 15 with the exception that the action brought by STOP and Michelle Enterprises, LLC, against SecureAlert, Inc., (the "Texas Lawsuit") was brought on March 19, 2008, not March 19, 2009, as alleged in the Complaint.

**B.     The Agreement**

16.     STOP admits the allegations of paragraph 16.

17.     STOP admits that, through the Settlement Agreement, STOP licensed the Licensed STOP Patents (as defined in the Settlement Agreement) to SecureAlert in consideration for, among other things, certain royalties payable by SecureAlert, as provided in the Agreement.

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████████████████████████████████████████████ STOP denies the remaining allegations in paragraph 17.  To the extent this paragraph or any others in the Complaint address or discuss the Settlement Agreement, the Settlement Agreement is a legal instrument whose terms speak for themselves, and to the extent that SecureAlert seeks to re-state or modify those terms, STOP denies the same.

18.     STOP denies the allegations of paragraph 18.

19.     STOP denies the allegations of paragraph 19.

20.     █████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████

21.     █████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████

22.     █████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████

23.     █████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████

24.     █████████████████████████████████████████████

████████████████████████████████████████████████████████

███

25.     █████████████████████████████████████████████

████████████████████████████████████

26.     STOP admits the allegations of paragraph 26.

**C.**     **<u>The Controversy</u>**

27.     During the past two consecutive fiscal years, SecureAlert has been required to file a Form 12b-25 notification of late filing of its 10-K. STOP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore denies the same.

28.     ████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████ STOP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore denies the same.

29.     ████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████ STOP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and therefore denies the same.

30.     ████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████ STOP lacks knowledge or information sufficient to form a belief as to the truth

of the remaining allegations in paragraph 30 and therefore denies the same.

31.   ████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████ STOP denies the remaining allegations of paragraph 31.

32.   ████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████ STOP lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 32 and therefore denies the same.

33.   STOP admits the allegations of paragraph 33.

34.   ████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

STOP denies the remaining allegations of paragraph 34.

35.     STOP admits that following execution of the Letter Agreement, SecureAlert delivered to STOP payment of only the amounts due at the time of the Letter Agreement. ████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████     STOP denies the remaining allegations of paragraph 35.

36.     STOP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies the same.

## V. CAUSES OF ACTION

### Count One – Declaratory Relief

37.     Paragraph 37 incorporates by reference every allegation of the Complaint. In response, STOP incorporates and adopts by reference its responses in all preceding paragraphs of this Answer as if fully set forth herein.

38.     STOP admits the allegations of paragraph 38.

39.     STOP denies the allegations of paragraph 39.

40.     STOP denies the allegations of paragraph 40.

### Count Two – Reimbursement of Overpayment of Amounts Under the Agreement

41.     Paragraph 41 incorporates by reference every allegation of the Complaint. In response, STOP incorporates and adopts by reference its responses in all preceding paragraphs of this Answer as if fully set forth herein

42.     ███████████████████████████████████████████████ ███████████████████████████████████████████████████████ ██████████████████████████ STOP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 and therefore denies the same.

43.     STOP admits the allegations of paragraph 43.

44.     STOP denies the allegations of paragraph 44.

45.     STOP denies the allegations of paragraph 45.

## Count Three – Unjust Enrichment

46.     Paragraph 46 incorporates by reference every allegation of the Complaint. In response, STOP incorporates and adopts by reference its responses in all preceding paragraphs of this Answer as if fully set forth herein.

47.     STOP denies the allegations of paragraph 47.

48.     STOP denies the allegations of paragraph 48.

## RELIEF SOUGHT

49.     SecureAlert's requests for relief following paragraph 48 of the Complaint (as set forth in a list of items labeled (a) – (e)) do not contain allegations to which a response is required. To the extent a response is required, STOP denies that SecureAlert is entitled to any of the requested relief.

50.     Each averment and/or allegation contained in the Complaint that is not specifically admitted herein is hereby denied.

## <u>FIRST AFFIRMATIVE DEFENSE</u>

51.     SecureAlert's pleaded understanding of the scope of royalties payable is contrary to the express terms of the Settlement Agreement, and therefore any agreement argued to exist under SecureAlert's pleaded understanding violates the statute of frauds.

## <u>COUNTERCLAIMS</u>

Pursuant to FED. R. CIV. P. 13, Satellite Tracking of People, LLC ("STOP") hereby asserts counterclaims against SecureAlert, Inc., ("SecureAlert")

52.     STOP incorporates by references all of its responses from paragraphs 1-52.

**NATURE OF THE COUNTERCLAIMS**

53.     A   dispute   exists   between   STOP   and   SecureAlert   over   the   "Settlement Agreement," attached to the Complaint as Exhibit 1. ████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████

**PARTIES**

54.     Counterclaimant STOP is a Delaware limited liability corporation having its headquarters and principal place of business at 1212 North Post Oak Road, Suite 100, Houston, Texas 77705.

55.     Upon information and belief, Counterclaim defendant SecureAlert is a Utah corporation with its headquarters and principal place of business at 5095 W 2100 S, Salt Lake City, Utah 84120.

**JURISDICTION AND VENUE**

56.     To the extent that jurisdiction and venue are proper in this Court for SecureAlert's Complaint, jurisdiction and venue are proper in this Court for STOP's counterclaims. The amount in controversy exceeds $75,000, and there is diversity of citizenship between STOP and SecureAlert. SecureAlert resides in Utah, and is amenable to service of process through its process server, DJP Corporate Services Salt Lake, 111 East Broadway, Ste. 900, Salt Lake City, Utah 84111.

**Count One – First Breach of Contract – Domestic Revenues**

57.      The Settlement Agreement was executed by STOP and SecureAlert on or about ██████████████

58.      ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████

59.      SecureAlert has been and is breaching the Settlement Agreement by ████████
██████████████████████████████████████████ By doing so, SecureAlert has been and is breaching the Settlement Agreement by ████████
████████████████████████

60.      SecureAlert's 10-Q for the quarter ending December 31, 2011, (the "December 2011 10-Q") includes the following statement: "For the three months ended December 31, 2011 and 2010, **domestic** revenues from one-piece activated GPS tracking devices supported entirely about a single limb of the monitored person totaled $1,512,065 and $1,362,425 respectively." (emphasis added).

61.      SecureAlert's 10-Q for the quarter ending March 31, 2012, (the "March 2012 10-Q") includes the following statement: "For the three months ended March 31, 2012 and 2011, **domestic** revenues from one-piece activated GPS tracking devices supported entirely about a single limb of the monitored person totaled $1,588,627 and $1,614,218 respectively." (emphasis added).

62.     SecureAlert's 10-Q for the quarter ending June 30, 2012, (the "June 2012 10-Q") includes the following statement: "For the three months ended June 30, 2012 and 2011, **domestic** revenues from our patented one-piece activated GPS tracking devices supported entirely about a single limb of the monitored person ("single limb GPS monitoring equipment") totaled $1,587,684 and $1,659,325 respectively." (emphasis added).

63.      SecureAlert's 10-K for the fiscal year ending September 30, 2012, (the "2012 10-K") includes the following statement: "For the years ended September 30, 2012 and 2011, revenues from one-piece activated GPS tracking devices supported entirely about a single limb of the monitored person totaled $8,360,697 and $6,505,056, respectively."

64.     SecureAlert's 10-Q for the quarter ending December 31, 2012, (the "December 2012 10-Q") includes the following statement: "For the three months ended December 31, 2012 and 2011, **domestic** revenues from one-piece activated GPS tracking devices supported entirely about a single limb of the monitored person totaled $1,390,579 and $1,512,065 respectively." (emphasis added).

65.     SecureAlert's 10-Q for the quarter ending March 31, 2013, (the "March 2013 10-Q") does not include a statement as required by the Settlement Agreement provision reproduced above in paragraph 58.

66.     SecureAlert's 10-Q for the quarter ending June 30, 2013, (the "June 2013 10-Q") does not include a statement as required by the Settlement Agreement provision reproduced above in paragraph 58.

67.     SecureAlert's 10-K for the fiscal year ending September 30, 2013, (the "2013 10-K") does not include a statement as required by the Settlement Agreement provision reproduced above in paragraph 58.

68.     For every 10-Q or 10-K filed since the December 2011 10-Q, SecureAlert has breached the Settlement Agreement by failing to comply with the provision of the Settlement Agreement reproduced above in paragraph 58. The December 2011 10-Q, March 2012 10-Q, June 2012 10-Q, and December 2012 10-Q fail to comply with the provision of the Settlement Agreement reproduced above in paragraph 58 by ███████████████ ████████████████     The 2012 10-K, March 2013 10-Q, June 2013 10-Q, 2013 10-K fail to comply with the provision of the Settlement Agreement reproduced above in paragraph 58 by ████████████████████

69.     ████████████████████████████████ ██████████████████████████ ███████████████████████████████ ███████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████

73.   ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████

74.   ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████

75.   ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████

76.     ██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

77.     SecureAlert's 10-Qs and 10-Ks since the December 2011 10-Q  fail to comply with the Settlement Agreement because ████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████ By doing so, SecureAlert has breached the Settlement Agreement by ████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████

**Count Two – Breach of Contract – Other Unreported Revenues**

78.     STOP incorporates by reference paragraphs 51-77.

79.     Upon information and belief, ██████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████ As a result, SecureAlert has breached the

Settlement Agreement. ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████

### Count Three - Breach of Contract –

### Failure to Pay Any Royalties Since September 1, 2013, Payment and Payment of

### Reduced Royalties during 2013

80.     STOP incorporates by reference paragraphs 51-79.

81.     SecureAlert has breached the Settlement Agreement ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████

### Count Four – Breach of Contract – Failure to Report Units

82.    STOP incorporates by reference paragraphs 51-81.

83.    ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████

## PRAYER FOR RELIEF

**WHEREFORE,** STOP respectfully requests the following relief:

1.    A judgment and order dismissing the Complaint in its entirety, with prejudice;

2.    A judgment and order requiring SecureAlert to pay all royalties and interest owed to STOP under the Settlement Agreement and its amendments and successor contracts;

3.    An award of all costs and attorneys' fees incurred by STOP in this action; and

4.    Such other and further relief to which STOP may be entitled.

## JURY DEMAND

STOP demands a trial by jury of all issues so triable.

DATED this  14th day of February, 2014.

**SNOW, CHRISTENSEN & MARTINEAU**

\

  Lindsay K. Nash                          _____
     Keith A. Call
     Lindsay K. Nash

     Jeffrey R. Bragalone
     T. William Kennedy, Jr.
     **BRAGALONE CONROY, P.C.**

     *Attorneys for Defendant Satellite Tracking of People, L.L.C.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 14th day of February, 2014, I electronically filed the foregoing **REDACTED VERSION OF DEFENDANT SATELLITE TRACKING OF PEOPLE, LLC'S SEALED ANSWER AND COUNTERCLAIMS (FILED FEBRUARY 7, 2014, DOCKET NO. 19)** with the Clerk of Court and caused a true and accurate copy of the foregoing to be served electronic through the court, upon the following

David W. Tufts
Z. Ryan Pahnke
DURHAM JONES & PINEGAR, P.C.
111 E. Broadway, Suite 900
Salt Lake City, Utah 84111


_/s/ De Anne W. Barron